UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,

      Plaintiff,
v.                                  Case No. 8:21-cv-2933-KKM-JSS

CHAD CHRONISTER,

      Defendant.
_____

# ORDER

      Defendant Sheriff Chad Chronister timely removed this action to federal court after being served with Plaintiff Roy A. Day's complaint on November 27, 2021. (Docs. 1, 1-4 at 7.) Plaintiff's complaint, initially filed on October 27, 2021, alleges that Defendant "denied Plaintiff due process and equal protection of the law" by refusing to serve a summons on a Hillsborough County resident related to a separate lawsuit that Plaintiff filed in Texas state court. (Doc. 1-1.) Upon review, the Court concludes that Plaintiff's state court complaint constitutes an impermissible shotgun pleading.

      Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each

count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiff's state court complaint is a shotgun pleading in multiple respects. First, it fails to separate "into a different count each cause of action or claim for relief." *Id.* at 1322. Additionally, Plaintiff's complaint fails to specify which factual allegations go with which counts and generally fails to "give the defendant[] adequate notice of the claims against [him] and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796,

2

797 (11th Cir. 2018); see *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds).

Accordingly, it is **ORDERED**:

(1) Plaintiff's State Court Complaint (Doc. 1-1) is **STRICKEN**.

(2) Defendant's Motion to Dismiss (Doc. 3) is **DENIED** as moot.

(3) By **January 3, 2022**, Plaintiff may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Should Plaintiff choose to file an amended Complaint, the Court directs him to Local Rule 1.08 for this Court's formatting requirements. Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on December 18, 2021.

Kathryn Kimball Mizelle
United States District Judge

3