UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,

      Plaintiff,

v.                                       Case No. 8:21-cv-2933-KKM-JSS

CHAD CHRONISTER,

      Defendant.
_____

## ORDER

After Defendant Sheriff Chad Chronister timely removed this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, (Doc. 1), the Court struck pro se Plaintiff Roy Day's initial complaint as a shotgun pleading, (Doc. 7). Day filed an Amended Complaint and now moves to remand. (Doc. 14; Doc. 13.) Sheriff Chronister opposes Day's remand motion and moves to dismiss Day's Amended Complaint. (Doc. 24; Doc. 16.) Day has also filed a motion for summary judgment, (Doc. 23), which Sheriff Chronister opposes, (Doc. 25). Although Day's Amended Complaint no longer presents a federal question of law, the Court exercises its discretion to retain jurisdiction over Day's claims, denies Day's remand motion, and grants Sheriff Chronister's motion to dismiss with prejudice because Day's Amended Complaint once again constitutes an impermissible shotgun pleading.

Before addressing Day's remand motion, the Court begins by noting what has been observed by many courts on many occasions: Day is "a serial filer of frivolous actions in federal courts." *Day v. Gen. Motors, LLC*, No. 8:20-cv-2963, 2021 WL 252286, at *1 (M.D. Fla. Jan. 26, 2021) (Barber, J.). The Middle District of Florida previously sanctioned Day under Rule 11 and entered a $4,000 judgment against him for violating the Standing Order. *See In re Roy Day Litig.*, 976 F. Supp. 1455, 1459 (M.D. Fla. 1995) (Merryday, J.); *In re Roy Day Litig.*, No. 95-mc-143, 2011 WL 550207, at *1, *7 (M.D. Fla. Feb. 9, 2011) (Wilson, Mag. J.) ("In the future, no complaints submitted by Day will be screened until the sanctions are paid."). This Court has rejected Day's past attempts to litigate in the Middle District of Florida without paying those sanctions. *See, e.g.*, *Day v. 21st Century Centennial Ins. Co.*, 2014 U.S. Dist. LEXIS 197396, at *1–2, *7 (M.D. Fla. Oct. 30, 2014) (Honeywell, J.) (dismissing Day's complaint based on the unpaid sanctions after the action was transferred in from another court); *In re Roy Day Litig.*, 2011 WL 550207, at *6–7. Fourteen years later, Day still refuses to pay the sanctions.[1]

In his motion to remand, Day argues that this Court should remand this action

---

[1] Because this case was removed from state court, it is unclear whether the 1995 Standing Order governs. *Compare Day v. Gen. Motors LLC*, No. 8:20-cv-2963, Doc. 14 (M.D. Fla. Jan. 5, 2021) (Barber, J.) (observing that the 1995 Standing Order "is only applicable to complaints *filed directly* with the Middle District of Florida—it does not apply to state court complaints removed to federal court"), *with In re Roy Day Litig.*, No. 95-mc-243, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011) (Wilson, Mag. J.) (noting that the 1998 sanction order "directed the Clerk not to accept any further filings until [Day] satisfies the monetary sanctions").

2

because he is seeking relief only under Florida law and there is no reference to federal law in his Amended Complaint. (Doc. 19 at 14.) Sheriff Chronister argues that "[d]espite [Day's] obvious effort to defeat federal question jurisdiction by removing most of the references to federal law," Day's Amended Complaint still contains "references to federal law" and "federal constitutional rights." (Doc. 24 at 4.)

A defendant may remove state court actions to federal court if they "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). United States district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" or if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Here, Sheriff Chronister argues that this Court has federal question jurisdiction because Day's Amended Complaint "contain[s] claims brought under federal law." (Doc. 24 at 4.)

"In general, a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983). "[T]he question whether a

3

claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd.*, 463 U.S. at 9–10; *Caterpillar Inc.*, 482 U.S. at 392 (defining the well-pleaded complaint rule as limiting federal jurisdiction to those times when "a federal question is presented on the face of the plaintiff's properly pleaded complaint"). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808.

The Court had clear subject matter jurisdiction over Day's initial Complaint because, as Day himself admits, it "raise[d] *a federal question*, and a State of Florida question." (Doc. 19 at 8 (emphasis added)); *see In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("[W]hether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939))).

Day's Amended Complaint no longer contains clear federal claims.[2] (Doc. 14.) Even

---

[2] The Amended Complaint contains two possible references to federal law—though neither is explicit. In one place, Day alleges that Sheriff Chronister and others conspired to deny him his "Constitutional rights." (Doc. 14 ¶ 7.) In another, Day alleges that the Sheriff and his agents denied him "due process and equal protection of the law." (*Id.* ¶¶ 12, 14.) These references are not expressly limited to claims brought under only Florida law and it is possible that they may refer to the federal Constitution as well. But the "mere reference to federal law is insufficient to establish subject matter jurisdiction—'the implicated federal issue must be *substantial*.'" *O'Neal v. Allstate Indem. Ins. Co.*, No. 20-14712, 2021 WL 4852222, at *3 (11th Cir. Oct. 19, 2021) (per curiam) (quoting *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004)). While the statements in Day's Amended Complaint might be referencing federal law,

4

so, the Court does not lose jurisdiction simply because all federal law claims have been eliminated through litigation. Under § 1367, federal courts are required to exercise supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006). A court may dismiss supplemental claims only under four specific circumstances, one of which is where the claims over which the district court exercised original jurisdiction drop out of the lawsuit. § 1367(c); *see Ameritox, Ltd. v. Millenium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015); *In re Carter*, 618 F.2d at 1101 ("When a subsequent narrowing of the issues excludes all federal claims, whether a pendant state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction. . . . Indeed, it has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." (citations omitted)).

In such a situation, district courts have discretion whether to continue to exercise supplemental jurisdiction based on a "host of factors," including "judicial economy,

---

there is no argument that the statements cite federal law, as required for federal question jurisdiction. *See Bennick v. Boeing Co.*, 504 F. App'x 796, 798 (11th Cir. 2012) (per curiam) ("[W]here a complaint is 'devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law,' we have held that the 'barren' allegations are insufficient to establish jurisdiction under § 1331.").

convenience, fairness, and comity." *Ameritox*, 803 F.3d at 532; *see Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action."). The Court should consider forum manipulation concerns, although these concerns do not "necessitate a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 n.12 (1988).

Here, Day strains to defeat federal jurisdiction by removing his original citations to federal law (although still slipping in a few vague references) and then moving to remand. His conduct constitutes textbook forum manipulation tactics. And the factors of judicial economy and convenience militate against remand given that Day is "a serial filer of frivolous actions." *Day*, 2021 WL 252286, at *1. This Court will not foist Day back on the Florida state court system when he is so clearly attempting to manipulate this Court's jurisdiction. Further, remanding would be unfair to Sheriff Chronister, who has diligently litigated this case, from exercising his statutory right to remove to timely responding to Day's pleadings and motions. Finally, this case presents no novel questions of state law nor can the Court decipher from the Amended Complaint a compelling reason to defer to Florida courts out of comity. Therefore, the Court chooses to exercise its discretion to retain jurisdiction over Day's state law claims against Sheriff Chronister.

Previously, the Court dismissed Day's original complaint as an impermissible shotgun pleading. (Doc. 7); *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that complaints that violate Federal Rules of Civil Procedure 8(a)(2) and 10(b) "are often disparagingly referred to as 'shotgun pleadings'"). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claims for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Day's original complaint constituted a shotgun pleading because it failed to separate each cause of action into different counts and failed to specify which factual allegations supported which counts. (Doc. 7.) Even though pro se pleadings are to be construed liberally, district courts must have "little tolerance for shotgun pleadings." *Arrington v.*

7

*Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading, although it must "sua sponte allow a litigant one chance to remedy such deficiencies"). The Court gave Day an opportunity to file an amended complaint in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Doc. 7.) Day neglected to do so. (Doc. 14.)

The Amended Complaint, like the original, constitutes a shotgun pleading for largely the same reasons. Despite clear instructions in the prior order, Day fails to break his claims—which include among other things conspiracy claims and various other state constitutional claims, including due process and equal protection claims—into separate counts. (Doc. 14.) Instead, the Amended Complaint contains a confusing blend of factual and legal allegations against Sheriff Chronister related to his alleged failure to honor Day's in forma pauperis status in pending Texas state court action and thereby refused to serve the defendant in that action without requiring a service of process fee. (Doc. 14 ¶¶ 7–9.) In addition to failing to break his claims into separate counts in his Amended Complaint, Day once again fails to specify which factual allegations support which counts and generally fails to "give [Sheriff Chronister] adequate notice of the claims against [him] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Day's Amended Complaint fails to cure the violations that the Court earlier

8

described, and the Court again concludes that he has filed an impermissible shotgun pleading. Given Day's well-established status as a vexatious litigant in the Middle District of Florida and in various federal and state courts around the country, the Court will not give him a third bite at the apple.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion to Remand (Doc. 19) is **DENIED**.

(2) Defendant's Motion to Dismiss (Doc. 16) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 14) is **DISMISSED with prejudice**.

(3) The Clerk is directed to terminate any remaining motions and deadlines, enter judgment in Defendant's favor, and close this case.

**ORDERED** in Tampa, Florida, on March 10, 2022.

Kathryn Kimball Mizelle
United States District Judge